UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODOLFO HERNANDEZ,<br><br>        Petitioner,<br><br>    v.<br><br>STEVEN MERLAK,<br><br>        Respondent. | Case No. 1:19-cv-01172-JDP<br><br>ORDER TO SHOW CAUSE WHY PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE DISMISSED SUMMARILY<br><br>ECF No. 1<br><br>RESPONSE DUE IN 14 DAYS<br><br>ORDER DENYING PETITIONER'S MOTION FOR EMERGENCY HEARING AS MOOT<br><br>ECF No. 5 |

      Petitioner Rodolfo Hernandez, a federal prisoner without counsel, petitioned for a writ of habeas corpus under 28 U.S.C. § 2241 on August 29, 2019. ECF No. 1. On November 4, 2019, petitioner filed a motion requesting an emergency hearing. ECF No. 5. The matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which the court may apply in all habeas proceedings. *See* Rules Governing Section 2254 Cases, Rule 1(b); *cf.* 28 U.S.C. § 2243. Under Rule 4, the court must examine the habeas corpus petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. Because petitioner has failed to state a claim for a violation of federal law and has failed to exhaust his administrative remedies, I order petitioner to show cause why his petition should not be dismissed summarily and deny his petition for an emergency hearing as moot.

1

**Background**

Petitioner was charged with conspiracy to distribute narcotics in two separate criminal cases, the proceedings of which ran parallel to each other and were before the same judge. *See Hernandez v Rodolfo*, Case No. 7:01-CR-00134-DC (W.D. Tex. Nov. 15, 2001) [hereafter *Hernandez I*]; *Hernandez v Rodolfo*, Case No. 7:07-CR-00216-RAJ-2 (W.D. Tex. Nov. 28, 2007) [hereafter *Hernandez II*].[1] Petitioner entered guilty pleas in both cases on January 17, 2008. *See Hernandez I*, at ECF No. 102; *Hernandez II*, at ECF No. 170. Petitioner was sentenced in both cases on April 3, 2018—to 60 months in the first case and 210 months in the second.[2] *See Hernandez I*, at ECF No. 109; *Hernandez II*, at ECF No. 237. In his petition for habeas relief, petitioner argues that the district court "lost jurisdiction" over the *Hernandez I* case because it failed to read petitioner's term of 60 months imprisonment aloud in open court, allegedly violating 18 U.S.C. § 3553(c).[3] ECF No. 1 at 3. Thus, petitioner claims that the Bureau of Prisons' enforcement of this sentence is erroneous. *Id*. at 5.

**Discussion**

Petitioner fails to state a cognizable habeas claim for two reasons: (1) there is no clearly established federal law stating that a term of imprisonment must be read aloud in court, and (2) a sentencing judge's placement of the term of imprisonment in the written judgment and on the docket's minute entry are valid means of issuing the sentence. Additionally, petitioner has failed to exhaust his administrative remedies.

---

[1] In *Hernandez I*, petitioner pleaded guilty to one count of conspiracy to distribute narcotics. Petitioner later moved for various forms of reconsideration of his sentence, all of which were denied. *Hernandez I*, at ECF Nos. 113, 116, 117, 119. In *Hernandez II*, petitioner pleaded guilty to a separate count of conspiracy to distribute narcotics. In 2015, petitioner successfully moved for a reduction in sentence due to rehabilitation and his sentence was reduced to 168 months. *Hernandez II*, at ECF No. 316.

[2] With his habeas petition, petitioner filed the written judgment from his first case and the transcripts of the sentencing hearing from his second case. ECF No. 1 at 10-21. In *Hernandez II*, the judge stated the reasons for petitioner's sentence, set the term of imprisonment and supervised release, and ordered that the term in *Hernandez I* be served consecutively with the term in *Hernandez II*. ECF No. 1 at 15.

[3] Petitioner's reliance on this statute is misplaced—18 U.S.C. § 3553(c) instructs sentencing judges to state on the record their reasons for imposing a sentence; it does not instruct sentencing judges to state the term of imprisonment.

1    First, because petitioner seeks federal habeas relief, this court is limited to deciding
2  whether the district court's action "violated the Constitution, laws or treaties of the United
3  States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Petitioner must allege a violation of
4  "clearly established federal law," meaning a violation of a U.S. Supreme Court holding. *See*
5  *White v. Woodall*, 572 U.S. 415, 419 (2014). Petitioner's reliance on *United States v. Daddino*, 5
6  F.3d 262, 266 (7th Cir. 1993), and *United States v. McAffee*, 832 F.2d 944, 946 (5th Cir. 1987), is
7  misplaced. ECF No. 1 at 3-4. Neither *Daddino* nor *McAffee* constitute "clearly established
8  federal law," and both address scenarios in which oral sentences differed from the written
9  judgments. *See Daddino* at 266; *McAffee* at 946. Unlike *Daddino* and *McAffee*, here petitioner
10 claims only that there was no oral pronouncement of the sentence.

11    I find no support in clearly established federal law for the proposition that a failure to
12 announce a term of imprisonment in open court amounts to a constitutional violation. The
13 circumstances in *Nguyen v. Macomber* are analogous. In *Nguyen*, the petitioner claimed a
14 constitutional violation where the verdict on one of his charges was not read aloud in court. *See*
15 *Nguyen v. Macomber*, No. 15-cv-00228-BLF, 2017 U.S. Dist. LEXIS 94216, at *53-54 (N.D.
16 Cal. June 19, 2017). No constitutional rights violation was found. *Id*. "While a trial by jury and
17 an actual jury verdict are rights compelled by the Sixth Amendment, there is no clearly
18 established federal law that an oral verdict must be provided." *Id*. The court found that any
19 possible ill effect on the petitioner was harmless because the failure to read the verdict aloud "did
20 not render the trial fundamentally unfair." *Id*. at *54. Here, petitioner has failed to show that any
21 harmful effects—such as a fundamentally unfair trial—resulted from the trial court's alleged
22 failure to read aloud his term of imprisonment.

23    Second, petitioner's prison term was provided in a written judgment, ECF No. 1 at 16, and
24 was placed on the docket's minute entry. *Hernandez I*, at ECF No. 109. "The only sentence
25 known to the law is the sentence or judgment entered upon the records of the court." *Hill v.*
26 *United States*, 298 U.S. 460, 464 (1936). In a collateral attack on a sentence, "a court will close
27 its ears to a suggestion that the sentence entered in the minutes is something other than the
28 authentic expression of the sentence of the judge." *Id*. Here, petitioner's April 3, 2008 sentence

3

1 was placed on the minute entry of the court's docket and stated that a sentencing hearing was held
2 before the judge. *Hernandez I*, at ECF No. 109. This sentence is a public record that petitioner
3 may access through the court system. Petitioner filed a copy of his written judgment, which he
4 had in his possession, with his habeas petition. ECF No. 1 at 16. The written judgement was
5 docketed April 7, 2008, four days after the sentencing hearing, and contains the term of
6 imprisonment. *Hernandez I*, at ECF No. 110. Petitioner's sentence written in the minute entry
7 and judgment is presumed to be the actual sentence of the court. *See Hill*, 298 U.S. at 464.

Additionally, petitioner has failed to exhaust his administrative remedies. *See Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001) (finding that in the ninth circuit habeas petitioners under Section 2241 must exhaust their remedies before filing a petition unless further appeals would be futile). Petitioner presents proof of one unsuccessful internal prison appeal and states without explanation that further appeals "would be futile." ECF No. 1 at 3. At this time, the court cannot determine that further appeals would be futile and therefore cannot excuse petitioner from failing to exhaust his remedies in the prison appeal system.[4]

A further matter warrants the court's attention: Petitioner has filed a motion for an emergency hearing on his habeas petition. ECF No. 5. There is no right to an emergency hearing in habeas proceedings; only under limited circumstances are evidentiary hearings granted. *See* 28 U.S.C. § 2254(e)(2)(A)(ii). The court will not hold an evidentiary hearing unless the petitioner's claim relies on a new, retroactive rule of constitutional law that was unavailable to him or a fact that he could not have discovered through the exercise of due diligence. *Id.*; *see also Gonzalez v. Pliler*, 341 F.3d 897, 903 (9th Cir. 2003) (determining that a habeas petitioner must "allege facts which, if proven, would entitle him to relief" and "show that he did not receive a full and fair hearing in a state court either at the time of trial or in a collateral proceeding" to be granted an

---

[4] Petitioner may move to stay and hold in abeyance the petition while he exhausts his administrative remedies. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). However, his future filings are subject to the requirement of *Mayle v. Felix,* 545 U.S. 644, 664 (2005), that any newly-exhausted claims that a petitioner seeks to add to a pending federal habeas petition must be timely or relate back, i.e., share a "common core of operative facts," to claims contained in the original petition that were exhausted at the time of filing. *King v. Ryan*, 564 F.3d 1133, 1143 (9th Cir. 2009).

4

evidentiary hearing).  Here, petitioner's motion for an emergency hearing contains the same arguments that appeared in his original habeas petition.  Petitioner does not rely on a new retroactive constitutional law or a fact that he could not previously have discovered.  Petitioner has not alleged facts that would entitle him to relief or shown that he did not receive a full and fair hearing in the state court.  Therefore, I deny petitioner's motion for an emergency hearing.

**Order**

Accordingly,

1. Within thirty days from the date of service of this order, petitioner must show cause as to why his petition should not be dismissed for failure to state a claim and failure to exhaust his administrative remedies.

2. Failure to follow this order may result in a dismissal.

3. Petitioner's motion for an emergency hearing on his writ is denied.

IT IS SO ORDERED.

Dated:    November 21, 2019                                  _____
                                                                                    UNITED STATES MAGISTRATE JUDGE

No. 206.