1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RODOLFO HERNANDEZ,                    Case No.   1:19-cv-01172-JDP

12                  Petitioner,            FINDINGS AND RECOMMENDATIONS TO
                                           GRANT RESPONDENT'S MOTION TO
13          v.                             DISMISS, DISMISS THE PETITION, AND
                                           DECLINE TO GRANT A CERTIFICATE OF
14   STEVEN MERLAK,                        APPEALABILITY

15                  Respondent.            OBJECTIONS DUE IN THIRTY DAYS

16                                         ECF No. 18

17                                         ORDER GRANTING RESPONDENT'S
                                           MOTION FOR AN EXTENSION OF TIME
18
                                           ECF No. 17
19
                                           ORDER DIRECTING CLERK OF COURT TO
20                                         ASSIGN CASE TO DISTRICT JUDGE

21

22
            Petitioner Rodolfo Hernandez, a federal prisoner without counsel, petitioned for a writ of
23
     habeas corpus under 28 U.S.C. § 2241.  ECF No. 1.  Petitioner claims that the court of his
24
     conviction, the U.S. District Court for the Western District of Texas, "lost jurisdiction" over his
25
     case because it failed to state petitioner's term of imprisonment and its reasoning for imposing
26
     such a term in open court, in alleged violation of 18 U.S.C. § 3553(c).  ECF No. 1 at 3.
27
     Respondent moved to the dismiss the petition.  ECF No. 18.  Petitioner has not opposed the
28

                                              1

1  motion, and the time to do so has passed.  *See* Local Rule 230(*l*) ("Failure of the responding party

2  to file an opposition or to file a statement of no opposition may be deemed a waiver of any

3  opposition to the granting of the motion.").  Respondent moves for an extension of time to file his

4  responsive pleading.  ECF No. 17.

5  **Discussion**

6          Under Rule 4 of the Rules Governing Section 2254 Cases, we are to dismiss a habeas

7  petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

8  entitled to relief."  Here, it plainly appears that petitioner is not entitled to relief.  The reason is

9  simple: we have no jurisdiction over the petition.  ECF No. 1.  A "challenge [to] the manner,

10  location, or conditions of a sentence's execution must be brought pursuant to § 2241," *Hernandez*

11  *v. Campbell,* 204 F.3d 861, 865 (9th Cir. 2000), while "§ 2255 is the exclusive means by which a

12  federal prisoner may test" the legality of his detention or sentence, *Stephens v. Herrera*, 464 F.3d

13  895, 897 (9th Cir. 2006).  Here, petitioner claims that the trial court's alleged failure to announce

14  his sentence in open court has resulted in a discrepancy between the trial court's sentence and the

15  Bureau of Prison's ("BOP") calculation of his sentence.  Petitioner's claim, although fashioned in

16  part as a claim against the BOP's execution of his sentence, is properly construed as a challenge

17  to the legality of the sentence imposed by the district court.  Therefore, the appropriate vehicle for

18  petitioner's claim is a § 2255 motion filed in the court of his conviction.[1]  This court lacks

19  jurisdiction to consider the petition, and the petition therefore must be dismissed.

20          As a side note, even if we had jurisdiction over the petition, petitioner's claim would fail.

21  Petitioner was charged with conspiracy to distribute narcotics in two separate criminal cases, the

22  proceedings of which ran parallel to each other and were overseen by the same judge.[2]  *See*

---

[1] Although a habeas petitioner may challenge the legality of his sentence under § 2241 in limited circumstances, petitioner has failed to show that he should be afforded this opportunity.  "Under the savings clause of § 2255 . . .  a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'"  *Hernandez*, 204 F.3d at 865 (citing 28 U.S.C. § 2255).  To take advantage of this so-called "escape hatch," a petitioner must make a claim of actual innocence and show that he has not had an unobstructed procedural shot at presenting that claim.  *Stephens,* 464 F.3d at 898.  Petitioner has made no such claim of actual innocence.

[2] Petitioner entered guilty pleas in both cases on January 17, 2008.  *See Hernandez I*, at ECF No.

2

1    *Hernandez v Rodolfo*, Case No. 7:01-CR-00134-DC (W.D. Tex. Nov. 15, 2001) [hereafter

2    *Hernandez I*]; *Hernandez v Rodolfo*, Case No. 7:07-CR-00216-RAJ-2 (W.D. Tex. Nov. 28, 2007)

3    [hereafter *Hernandez II*].  Here, petitioner disputes the legality of his 60-month sentence in

4    *Hernandez I*.[3]

5            The *Hernandez I* transcript reveals that the petitioner discussed the presentence

6    investigation report with his counsel prior to the sentencing hearing.  ECF No. 18-1 at 27.  The

7    trial court reviewed the report, found it accurate and correct, and adopted the sentencing

8    guidelines contained therein.  *Id*. at 31.  The court stated that the applicable sentencing guideline

9    range was "a mandatory minimum of 60 months to 71 months."  *Id*. at 32.  The court announced

10   petitioner's sentence of 60 months' imprisonment.  *Id*. 33.  Petitioner was given the opportunity

11   to speak on his behalf during sentencing, which he declined to do.  *Id*. at 32.  The trial court then

12   explained that petitioner had the right to appeal his sentence.  *Id*. at 34.

13           Petitioner's contention that the trial court violated § 3553(c) in failing to state its reasons

14   for imposing the sentence is without merit.  Under § 3553(c), "a statement in open court of the

15   reasons for choosing a sentence within the sentencing range" is required "if that range exceeds 24

16   months."  *United States v. Upshaw*, 918 F.2d 789, 792-93 (9th Cir. 1990).  However, where the

17   range is less than 24 months, § 3553(c) requires only that the district court state, "in open court,

18   its general reasons for its imposition of the particular sentence."  *United States v. Lockard*, 910

19   F.2d 542, 546 (9th Cir. 1990).  "This requirement is satisfied by an explanation of how the district

20   court determined the relevant guideline range."  *Id*.  Here, the relevant guideline range was 60 to

21   71 months—less than a 24-month range—and therefore the court was only required to state

22   general reasons for the sentence.  In arriving at the guideline range, the court considered

23   _____

24   102; *Hernandez II*, at ECF No. 170.  Petitioner was sentenced in both cases on April 3, 2018—to
     60 months in the first case and 210 months in the second.  *See Hernandez I*, at ECF No. 109;
     *Hernandez II*, at ECF No. 237.

25   [3] Along with the instant petition, petitioner filed the written judgment from *Hernandez I* and the

26   transcripts of the sentencing hearing from *Hernandez II*.  ECF No. 1 at 10-21; ECF No. 6 at 2.
     Respondent then filed a full copy of the transcripts of the sentencing proceeding in *Hernandez I*,

27   which we will consider here.  ECF No. 18-1 at 26-33.

28

1   petitioner's offense level and criminal history category.  ECF No. 18-1 at 31-32.  The court then

2   stated that it "considered . . . the sentencing factors set forth in 18 U.S.C. § 3553(a) . . . in arriving

3   at a reasonable sentence—and I do find the guideline range in this case to be fair and reasonable."

4   *Id*. at 33.  No further statement of reasons was required.  *See Lockard*, 910 F.2d at 546 (noting

5   that a district court met the requirements of § 3553(c) when it "explained and determined the

6   relevant guideline range"—the court was "not required to give any further explanation" where the

7   applicable guideline range was less than 24 months).  We recommend that respondent's motion to

8   dismiss be granted and that the case be dismissed.

9        Finally, respondent sought a 30-day extension of time to file his responsive pleading.

10  ECF No. 17.  For good cause shown, respondent's motion is granted.

11  **Certificate of Appealability**

12       A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district

13  court's dismissal of a petition; he may appeal only in limited circumstances.  *See* 28 U.S.C.

14  § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  Rule 11 Governing Section 2254

15  Cases requires a district court to issue or deny a certificate of appealability when entering a final

16  order adverse to a petitioner.  *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116

17  F.3d 1268, 1270 (9th Cir. 1997).  A certificate of appealability will not issue unless a petitioner

18  makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

19  This standard requires the petitioner to show that "jurists of reason could disagree with the district

20  court's resolution of his constitutional claims or that jurists could conclude the issues presented

21  are adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327; *accord*

22  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, petitioner has not made a substantial

23  showing of the denial of a constitutional right.  Thus, we recommend that the court decline to

24  issue a certificate of appealability.

25  **Findings and Recommendations**

26       For the foregoing reasons, we recommend that the court grant defendant's motion to

27  dismiss, ECF No. 18, dismiss the case, and decline to issue a certificate of appealability.  These

28  findings and recommendations are submitted to the U.S. district judge presiding over the case

under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.  Within thirty days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

**Order**

Respondent's motion for an extension of time is granted.  ECF No. 17.  The clerk of court is directed to assign this case to a district judge for the purposes of reviewing these findings and recommendations.

IT IS SO ORDERED.

Dated:    August 26, 2020                                    _____

UNITED STATES MAGISTRATE JUDGE

No. 206.